UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RONNIE LEE SPARKS**<br>    **LA. DOC #322786**<br>**VS.** | **CIVIL ACTION NO. 3:15-cv-0163**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **WARDEN JOHN SMITH** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se plaintiff Ronnie Lee Sparks, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on January 26, 2015. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the Tensas Parish Detention Center (TPDC) and complains about conditions of confinement. He sued Warden John Smith and prayed for his transfer to another facility and compensatory damages for pain and suffering and mental anguish.  On April 16, 2015, the undersigned completed an initial review of the pleadings and exhibits and directed plaintiff to amend his complaint in order to cure noted defects on or before May 18, 2015. Plaintiff has ignored that order and has not contacted the Court since he submitted his motion to proceed in forma pauperis on February 19, 2015.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of

pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). The undersigned evaluated the original complaint pursuant to 28 U.S.C. §§1915 and 1915A and directed petitioner to amend and provide the information needed to further evaluate plaintiff's claims. Plaintiff has disregarded the order to amend.[1]

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** for failure to prosecute in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

---

[1] It is unclear whether dismissal at this time will result in the complete forfeiture of plaintiff's claims should he desire at some later date to pursue them. Nevertheless, dismissal at this juncture would still be appropriate even if it ultimately "deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As previously noted, plaintiff has submitted an inadequate pleading; he was instructed to amend to provide factual support for his conclusory claims; however, he has failed to do so within the time limitation provided. As noted above, the order did not seek a legal brief on plaintiff's part; indeed, the amend order directed him to provide only **FACTS** and still plaintiff has refused to comply. Finally, it must be assumed that plaintiff no longer desires to prosecute this action since he has not been in contact with the Court since February 19, 2015, the date he submitted his application to proceed in forma pauperis.

Case 3:15-cv-00163-RGJ-KLH   Document 9   Filed 09/03/15   Page 3 of 3 PageID #: 38

party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, September 3, 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE